IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00075-MR-WCM

| | |
|---|---|
| UNITED STATES, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| TYRONE RUSHAD BROWN, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Indictment Based on Intervening Decision in Rahimi" [Doc. 36].

On October 3, 2023, the Defendant Tyrone Rushad Brown was charged in a Bill of Indictment with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On February 8, 2024, this Court denied the Defendant's motion to dismiss the indictment pursuant to the Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). [Doc. 22]. On February 23, 2024, the Defendant entered a plea of guilty. On March 11, 2024, the Court accepted the Defendant's guilty plea.

On July 31, 2024, while awaiting sentencing, the Defendant filed the present Motion to Dismiss on the grounds that 18 U.S.C. § 922(g)(1) is

unconstitutional as applied to him in light of the Supreme Court's recent decision in United States v. Rahimi, 602 U.S. 680 (2024). [Doc. 36]. Specifically, the Defendant contends that because he has been convicted of only non-violent felonies, Rahimi dictates that the Second Amendment does not permit Congress to permanently disarm him. [Id. at 1-2].

While this motion was pending, the Fourth Circuit decided United States v. Hunt, 123 F.4th 697 (4th Cir. 2024). In Hunt, the Fourth Circuit held that § 922(g)(1) is constitutionally both facially and as applied to *all* felons without the need for "felony-by-felony litigation regarding the constitutionality" of § 922(g)(1). Id. at 700. The Court confirmed that neither Bruen nor Rahimi abrogated the Fourth Circuit's holding in Hamilton v. Pallozzi, 848 F.3d 614, 626 (4th Cir. 2017), that § 922(g)(1) is constitutional as applied to all felons "unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful." Hunt, 123 F.4th at 700 (quoting Hamilton, 848 F.3d at 626). The Hunt Court further held that even if it were to decide the issue anew, § 922(g)(1) would survive Second Amendment scrutiny because it is constitutional whether viewed as a status-based restriction "to address a danger of misuse by those who deviated from legal norms" or "to address a risk of dangerousness." Id. at 706 (citations omitted).

2

Hunt is binding on this Court, and it forecloses the Defendant's challenge to the constitutionality of § 922(g)(1) as applied to him. Accordingly, the Defendant's motion to dismiss is denied.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Dismiss Indictment Based on Intervening Decision in Rahimi" [Doc. 36] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge

---

[1] Because the Court denies the Defendant's motion on its merits, the Court need not address the Government's argument that the Defendant's as-applied challenge is inappropriate for resolution on a motion to dismiss.